## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ABOLAJI OLAWALE,**
**No. A074211411,**

        **Petitioner,**

    **vs.**                        **Case No. 15-cv-01112-DRH**

**LORETTA LYNCH,**
**JEFF CHARLES JOHNSON,**
**RICARDO A. WONG, and**
**WARDEN OF**
**PULASKI DETENTION CENTER[1],**

        **Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Abolaji Olawale, an alien, is being held in the Tri-County Detention Center in Pulaski County, Illinois, under the authority of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE").  Proceeding *pro se*, Olawale filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention.

Olawale is a native and citizen of Nigeria.  According to the petition, he entered the United States illegally in 1989, and obtained the status of legal permanent resident in 1996.  Olawale no longer has ties to Nigeria, but has children in the United States.  He applied for United States citizenship, but was

---

[1] The Polaski Detention Center referenced in the petition is actually the Tri-County Detention Center in Ulin, which is within Pulaski County, Illinois.  *See* Doc. 1, p. 8.

subsequently arrested and convicted of sexual assault—his habeas corpus petition is pending.

In February 2015 an immigration judge ordered Olawale to be removed from the United States; as a result, in March 2015 petitioner was taken into custody by ICE.   He has remained in custody ever since because no country will accept him.  Petitioner's custody status was reviewed on June 12, 2015, and he was ordered to remain in detention.  In July 2015 he sought review again, but he has yet to receive a response.

Olawale argues that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the "presumptively reasonable period," during which ICE may detain an alien in order to effectuate his removal.  The *Zadvydas* ruling also applies to inadmissible aliens, pursuant to the Supreme Court's decision in *Clark   v. Martinez*, 543   U.S. 371 (2005).  Petitioner's presumptive six-month period expired September 25, 2015.  Olawale claims, he is entitled to release from custody under the terms of the applicable statute and case law.  He also asserts that substantive and procedural due process violations have occurred, which should lead to his release.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts[2]; a response will be required.  With that said, petitioner has named several officials

---

[2] Rule 1(b) of those Rules gives this Court  the authority to apply the rules to other habeas corpus cases, such as this action brought  under § 2241.

who are not proper respondents to a 2241 action.   In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" could only name the person who has immediate custody of him during his detention, and not high-level Immigration and Customs Enforcement officials or the Attorney General.   Accordingly, all defendants other than the Warden of Tri-County County Detention Center in Pulaski County, Illinois, will be dismissed from this case.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Attorney General **LORETTA LYNCH,** DHS Secretary **JEFF CHARLES JOHNSON**, and ICE Field Office Director **RICARDO A. WONG** are **DISMISSED** with prejudice from this action.

**IT IS FURTHER ORDERED** that the **WARDEN** of the Tri-County Detention Center in Pulaski County, Illinois, shall answer the petition within thirty days of the date this order is entered.[3]   This order to respond does not preclude   the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court.   Service upon the Warden, Tri-County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service.

Pursuant to Federal Rule of Civil Procedure   4(i), the Clerk of Court is **DIRECTED** to send a copy of the summons, petition, and this Order to the

---

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, and to send a copy of the summons, petition, and Order via registered or certified mail to the United States Attorney General in Washington, D.C., and to the United States Department of Homeland Security.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to **United States Magistrate Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a magistrate judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed.R.Civ.P. 41(b).

**IT IS SO ORDERED.**

**Signed this 30th day of October, 2015.**

Digitally signed by Judge David R. Herndon
Date: 2015.10.30 12:46:29 -05'00'

**United States District Judge**